UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO MINNIEFIELD AND
ASHLEY MINNIEFIELD,

    Plaintiffs,

vs.                                                Case No. 2:24-cv-00649-DHU-DLM

ABDUL QADIR MIR ZAMAN,
SAID MUHAMMAD d/b/a F&S
TRUCKING LLC, AUI INC. LIPSEY
LOGISTICS WORLDWIDE LLC, AND
FEDERAL EXPRESS CORPORATION,
f/k/a FEDEX GROUND PACKAGE
SYSTEM, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC's Rule 12(B)(5) Motion to Dismiss (Doc. 22). The Motion is fully briefed. *See* Doc. 25. The Court heard oral argument on July 31, 2025, at which time the Court took the Motion under advisement. *See* Doc. 30. After carefully considering Defendants' Motion, the attendant briefs, the arguments, and being fully advised of the premises, the Court concludes that the Motion will be **GRANTED**.

**I. BACKGROUND**

This case arises out of a motor vehicle accident that occurred on August 6, 2021. Doc. 9 at 3. As alleged by Plaintiffs, Defendant Abdul Qadir Mir Zaman was operating a semi-truck owned by Defendant F&S Trucking, LLC and was traveling eastbound on Interstate 10 in Hidalgo County,

New Mexico, when he lost control of the semi-truck which subsequently rolled over. *Id.* at 3-5. Antonio Minniefield, a passenger at the time, was injured during the accident. *Id.* at 5.

Plaintiffs filed their *Original Complaint for Personal Injuries, Negligence, Arising from A Motor Vehicle Collision*, ("Original Complaint") on June 21, 2024, in the Third Judicial District Court for the State of New Mexico. Doc. 1-2. This case was removed to federal court on June 25, 2024. Doc. 1. On July 29, 2024, Plaintiffs filed their Amended Petition. Doc. 9. Significantly, because the subject accident occurred on August 6, 2021, the statute of limitations ran on August 6, 2024. Doc. 22 at 6.

Plaintiffs assert they initially retained a process server to attempt service on F&S Trucking LLC in August 2024. Doc. 23 at 2. The process server's affidavit indicates he received the Petition on August 8, 2024, and attempted service on August 8, August 9, and August 10. Doc. 23 at 16. The process server conducted additional investigation to complete service in September and October 2024. *Id.*

Importantly, a summons as to Defendants was not issued until December 10, 2024, *see* ECF docket, which was 168 days after the case was removed to federal court.

Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC move this Court for an order dismissing Plaintiffs' Amended Petition, Doc. 9, because they argue Plaintiffs did not effectuate service in accordance with the Federal Rules of Civil Procedures and Plaintiffs cannot show good cause to excuse their failure to timely serve these Defendants. *See* Doc. 22. Specifically, Defendants argue Plaintiffs arguments that they exercised reasonable diligence in attempting service are "disingenuous," Doc. 24 at 2, because Plaintiffs initial attempts at service did not include a summons. *Id.* Defendants go on to argue, "Plaintiffs failed to serve Defendants within a reasonable time after the Statute of Limitations had run." Doc. 22 at 2. Defendants also argue that

2

"Plaintiffs were actively litigating this case and can point to no good cause as to why they did not even try to timely serve Defendants." *Id.* at 4. Defendants also point out that while a plaintiff can move for an extension of time in which to serve a defendant, Plaintiffs never made such a motion in this case. *Id.* Furthermore, there is no evidence of attempted service on either the state or federal docket. *Id.*

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c). Federal law governs service of process that is yet to be effectuated after removal:

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Where "service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give the Plaintiff [90] days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured." *Baumeister v. New Mexico Com'n for the Blind*, 409 F.Supp.2d 1351, 1352 (D.N.M. Jan. 6, 2006). Thereafter, a federal court may dismiss a lawsuit for insufficient service of process. Fed. R. Civ. P. 12(b)(5).

A defendant may challenge the timeliness of service of process under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Courts used a two-step process to conduct an inquiry under Rule 4(m): the first question is "whether the plaintiff has shown good cause for the failure to timely effect service;" and second, "if the plaintiff fails to show good cause, the court still must exercise its discretion, and either dismiss the case without prejudice or extend the time for service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In making its determination whether to grant a permissive extension, the Court may consider several factors, including whether the applicable statute of limitations would bar the re-filed action and other policy considerations. *See Espinoza v. United States,* 52 F.3d at 841–42.

### III. DISCUSSION

I. **Plaintiffs failed to timely serve Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC.**

Here, Plaintiffs appear to concede that they did not timely serve Defendants Zaman and F&S Trucking, LLC. In their response to Defendants' Motion, Plaintiffs argued that they "exercised reasonable diligence in attempting to locate and serve these defendants with process," Doc. 23 at 4, and that good cause exists or a permissive extension is warranted. *Id.* at 6. Nowhere do they argue that they did indeed properly effectuate service on Defendants Zaman and F&S Trucking, LLC. Given this, and given that there is nothing before the Court indicating service was effectuated, the Court finds Plaintiffs did not timely serve Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC. The next question is whether the Court should extend the time for Plaintiffs to serve these Defendants.

II. **Plaintiffs have not shown that either good cause or other considerations support an extension of the time to effectuate service.**

Plaintiffs argue good cause exists because they made certain efforts to serve Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC. Doc. 23 at 3. For instance, Plaintiffs argue they

hired two process servers and made multiple attempts to serve these defendants in Oregon. *Id.* at 4. They argue the "attempts to serve these defendants began in August of 2024, within forty-three days of the filing of this lawsuit in the Third Judicial District Court of New Mexico." *Id.* A "second process server attempted service of the summons and first amended complaint in December of 2024." *Id.* Plaintiffs argue they faced issues identifying F&S Trucking, LLC's registered agent. *Id.* Plaintiffs also argue policy reasons support a permissive extension of the time to effectuate service. *Id.* at 6-12.

The Court has considered the parties' arguments and concludes that Plaintiffs have not shown that either good cause exists or that a permissive extension is warranted here for all of the reasons argued by Defendants' counsel at the hearing on this matter. "The good cause provision of Rule 4[ (m) ] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir.1994) (internal quotation marks omitted). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland,* 86 F.3d 172, 176 (10th Cir. 1996).

Though Plaintiffs argue their initial attempts at service in August 2024 and investigation in September 2024 were within the 90-day period contemplated by Rule 4(m), Doc. 23 at 2, the Court is struck by the facts that Plaintiffs did not attempt service at all until after the statute of limitations ran on August 6, 2024. And even then, their attempts at service did not include a summons, because a summons was not issued until December 10, 2024, which was more than 90 days after the case was removed.[1]

---

[1] To effectuate service, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c).

Significantly, at the hearing on this Motion, one of Plaintiffs' counsel provided the following explanation for why service was not effectuated:

> [Plaintiffs' co-counsel's] firm did make efforts to serve them when this was a state action and, obviously, it was removed, that caused some confusion, that's why they didn't get a summons until later, but clearly the record establishes that they were making efforts to serve these parties earlier than when they obtained the federal summons. And, Your Honor, that's -- I'm a federal litigator. I was brought in later in the year to help them and so part of that confusion was just their unfamiliarity with federal rules, I can say that.

July 31, 2025, Motion Hearing Transcript at 49.[2] This explanation weighs heavily against a finding of good cause. Beyond the difficulties faced by their process servers and their lack of familiarity with the rules governing this action, they simply do not point to any good reason that service was not effectuated. In sum, Plaintiffs have not convinced the Court that an extension should be given for good cause.

Regarding Plaintiffs' request for a permissive extension, Defendants acknowledge that granting a dismissal would bar Plaintiffs' claims. Doc. 22 at 6. However, they rely on *Cloyd v. Arthur Andersen & Co., Inc.*, 25 F.3d 1056, at *3 (10th Cir. 1994), where the Tenth Circuit affirmed a district court's dismissal of a complaint even though this operated to bar a refiling of the action because of the statute of limitations. *See* Doc. 22 at 6. The Court held that "the grant of additional time remains discretionary with the district court. That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time under new Rule 4(m)." 25 F.3d 1056 at * 2. The Court agrees with Defendants that Plaintiffs failed to exercise proper care in serving process and the policy considerations that underly placing temporal limitations on personal injury claims weigh in favor of Defendants:

> In the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the

---

[2] This Memorandum Opinion and Order cites to the court reporter's unofficial transcript. All page citations are subject to change on the official, edited version of the transcript.

accuracy of the factfinding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.

*Andrew v. Schlumberger Tech. Co.*, 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011) (internal quotations omitted) (quoting *Wood v. Carpenter*, 101 U.S. 135, 139 (1879). In summary, the Court agrees with Defendants' arguments in support of dismissal, and the Court therefore finds that Defendants' Motion will be granted.

### IV. CONCLUSION

For the reasons explained here, it is therefore **ORDERED** that Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC's Rule 12(B)(5) Motion to Dismiss (Doc. 22) is **GRANTED**. Plaintiffs' claims against Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC are dismissed without prejudice.

**IT IS SO ORDERED**.

DAVID HERRERA URIAS
United States District Judge