**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANTONIO MINNIEFIELD AND
ASHLEY MINNIEFIELD,

      Plaintiffs,

vs.                             Case No. 2:24-cv-00649-DHU-DLM

ABDUL QADIR MIR ZAMAN,
SAID MUHAMMAD d/b/a F&S
TRUCKING LLC, AUI INC. LIPSEY
LOGISTICS WORLDWIDE LLC, AND
FEDERAL EXPRESS CORPORATION,
f/k/a FEDEX GROUND PACKAGE
SYSTEM, INC.,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff Antonio Minniefield and Ashley Minniefield's

Motion for Reconsideration of the Court's Order of August 21, 2025, Concerning Defendant Abdul

Zaman and F&S Trucking, LLC's Motion to Dismiss ("Motion for Reconsideration"). Doc. 46.

The Motion is fully briefed. *See* Docs. 49 and 55. After carefully considering Defendants' Motion,

the attendant briefs, the arguments, and being fully advised of the premises, the Court concludes

that the Motion will be **DENIED**.

**I.**
**BACKGROUND**

This case arises from a motor vehicle accident that occurred on August 6, 2021. Doc. 9 at

3. As alleged by Plaintiffs, Defendant Abdul Qadir Mir Zaman was operating a semi-truck owned

by Defendant F&S Trucking, LLC and was traveling eastbound on Interstate 10 in Hidalgo County,

New Mexico, when he lost control of the semi-truck which subsequently rolled over. *Id.* at 3-5. Antonio Minniefield, a passenger at the time, was injured during the accident. *Id.* at 5.

In January 2025, Defendants Abdul Qadir Mir Zaman and F&S Trucking, LLC's moved to dismiss Plaintiffs' First Amended Petition pursuant to Rule 12(B)(5) of the Federal Rules of Civil Procedure ("Motion to Dismiss"). Doc. 22. Defendants Zaman and F&S Trucking argued that Plaintiffs did not effectuate service in accordance with the Federal Rules of Civil Procedures and Plaintiffs cannot show good cause to excuse their failure to timely serve these Defendants. *See* Doc. 22.

On August 21, 2025, the Court entered its Memorandum Opinion and Order granting these Defendants' Motion to Dismiss. Doc. 42. In September 2025, Plaintiffs filed their Motion for Reconsideration of the Court's Order relating to Defendants Zaman and F&S Trucking. Doc. 46. In their Motion for Reconsideration, Plaintiffs seek reconsideration "because of the need to prevent manifest injustice as the court misapprehended controlling law." *Id.* at 2.  Plaintiffs set forth a number of arguments in support. First, they emphasize that the Court's Order noted that "Plaintiffs did not attempt service at all until after the statute of limitations ran on August 6, 2024." Doc 46 at 2 (quoting the Court's Order, Doc. 42 at 5). Plaintiffs take issue with this finding because it "does not account for the fact that plaintiffs only filed this suit as of June 21, 2024. (Dkt. #1: Notice of Removal, Ex. 1: Pls.' Or. Compl.). The time period between June 21st to August 6th is not something that evidences an excessive delay, especially as early August of 2024 was well within the ninety day period contemplated by Rule 4(m)." Doc. 46 at 3. Plaintiffs also object that:

> the finding that plaintiffs did not attempt service at all is not consistent with the prior attempts made by plaintiffs to effect service on these defendants. As explained in their response, plaintiffs did retain process servers to attempt service on these defendants. (Pls.' Resp. to Mtn. to Dismiss Ex. 1: Affid. Javier Varela; Ex. 2: Affid. Eric Bogle). The attempts to serve these defendants occurred within forty-three days of the filing of this lawsuit in the Third Judicial District Court of New Mexico.

2

Doc. 46 at 3.  Plaintiffs go on to argue:

> the date of August 6, 2024, while relevant, is not a dispositive date because the limitations period was tolled as of that date by the filing of plaintiffs' complaint. The court's order focuses on that date as some evidence of plaintiffs' failure to timely effect service in that a summons was not requested until that date. (Dkt. #42: Ct. Order). But to the extent that the court relied on August 6, 2024, as a dispositive date to establish lack of good cause, plaintiffs note that the limitations period was already tolled when plaintiffs filed this suit in June of 2024.

Doc. 46 at 3. Plaintiffs argue their briefing also supported "finding of good cause for an extension of time under Rule 4(m) because of circumstantial evidence that F&S Trucking was evading service." *Id.* at 4. Plaintiffs also argue that the Court's dismissal without prejudice was "tantamount to a dismissal with prejudice," *id.*, so the Court should have considered the "*Ehrenhaus* factors, which include the degree of actual prejudice to the defendants, the amount of interference with the judicial process, the culpability of the plaintiffs, whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance, and the efficacy of lesser sanctions." Doc. 46 at 5 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Defendants Zaman and F&S Trucking oppose reconsideration. *See* Doc. 49. Defendants argue Plaintiffs' Motion for Reconsideration is inappropriate because it raises issues that were either argued already or should have been argued in the briefing on the Motion to Dismiss. *See* Doc. 49 at 2-3. For instance, Plaintiffs did not raise the tolling of the statute of limitations in their Response to the Motion to Dismiss. *Id.* at 3. Moreover, "Defendants disagree that the Court's Order was based solely on the statute of limitations, but rather on the requirement to serve Defendant within a specified time as required by FRCP Rule 4(m), which Plaintiffs failed to do." *Id.* Defendants argue that even with tolling, the statute of limitations elapsed prior to Plaintiffs serving Defendants. *See id.* at 3-4. Additionally, Defendants argue Plaintiffs did not demonstrate good cause for failure to timely serve. *Id.* at 4. Finally, Defendants argue that Plaintiffs' reliance on

3

*Ehrenahaus* and other cases is misplaced as those cases relate to sanctions in the discovery context. *Id.* at 5-9. Having summarized the parties' arguments, the Court will now describe the relevant legal standards and its application of them to the issues raised here.

**II.**
**DISCUSSION**

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds that warrant granting a motion to reconsider "include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* The term manifest injustice "is commonly defined as [a] direct, obvious, and observable error in a trial court[.]" *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (citation and quotation marks omitted). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Id.* (quoting *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed. Cl. 27, 31 (2007)).

Here, Plaintiffs have not demonstrated manifest injustice. Plaintiffs' Motion for Reconsideration is comprised of arguments that were either already addressed or arguments that could have been raised earlier, such as their arguments regarding the tolling of the statute of limitations. Because of this, the Court cannot find that Plaintiffs have demonstrated there is a need to prevent a manifest injustice in this situation. As a result, their Motion will be denied.

**III.**

4

## CONCLUSION

For the reasons explained here, it is therefore **ORDERED** that Plaintiff Antonio Minniefield and Ashley Minniefield's Motion for Reconsideration of the Court's Order of August 21, 2025 concerning Defendant Abdul Zaman and F&S Trucking, LLC's Motion to Dismiss (Doc. 46) is **DENIED**.

**IT IS SO ORDERED**.

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE